Justin O. Burton (6506)
**RULON T. BURTON & ASSOCIATES**
6000 South Fashion Blvd.
Murray, UT 84107
(801) 288-0202
Attorney(s) for Debtor(s)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

IN RE:
Wesley Jay Anderson, SSN: xxx-xx-7210,                    CASE NO.: 09M-29468
Heidi Lorraine Anderson, SSN: xxx-xx-0016,

CHAPTER 13 PLAN,
MOTION TO VALUE COLLATERAL AND TO AVOID LIENS UNDER 11 USC § 506
[X] Original  [] Amended  Date: September 4, 2009

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. If you disagree with any provision of this plan or any motion made below, you must file with the bankruptcy court a timely written objection. Unless a written objection is filed before the deadline stated in the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines*, **the court may grant the motion(s) and confirm the plan without further notice or hearing.**

**VALUATION OF SECURED CLAIMS AND DETERMINATION OF INTEREST RATE.** With respect to secured claims listed in paragraphs 3.A and 3.B, the value of such creditor's collateral shall be that set forth in the Value column of paragraph 3.A and the Proposed Secured Claim Amount in paragraph 3.B, unless an objection to confirmation of this plan is timely filed. The filing of a proof of claim asserting a different value will not be deemed to constitute an objection. If the columns for Value or the Proposed Secured Claim Amount are left blank, the allowed secured claim amount shall be determined using the applicable provisions of the Bankruptcy Code and Bankruptcy Rules (hereinafter the "Claim Allowance Process"). The interest rate to be paid on any secured claim shall be that set forth in the plan unless an objection is timely filed.

**ALLOWANCE OF OTHER CLAIMS.** The amount of all other allowed claims to be paid through the Plan shall be determined pursuant to the Claims Allowance Process, unless a timely objection to the plan is filed. However, creditors must timely file a proof of claim before the Trustee will disburse on any allowed claim under the confirmed plan.

1. **PAYMENT AND LENGTH OF PLAN**
A.     Debtor[s] shall pay **$820.00** per month to the Chapter 13 trustee starting on the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341 and continuing thereafter on the 25th day of each following month.
B.     Other payments to Trustee: _____.
C.     The Plan length shall be a minimum of 36 months (unless the plan provides a 100% return to all creditors) or extended as necessary to as long as 60 months to pay required distributions under paragraphs 2-7 below. Cause exists to extend the length of the plan beyond three years. If the applicable commitment period is 60 months the plan may provide for the return to unsecured creditors to be accelerated and paid prior to the end of the 60 month period.

2. **TRUSTEES PERCENTAGE FEE.** Prior to or at the time of disbursements under this plan, the trustee may collect the percentage fee allowed under 28 U.S.C. § 586(e).

Wesley Jay Anderson, SSN: xxx-xx-7210,      CASE NO.: 09M-29468
Heidi Lorraine Anderson, SSN: xxx-xx-0016,

### 3. SECURED CLAIMS PAID BY THE TRUSTEE

#### A. MOTIONS TO VALUE COLLATERAL AND TO VOID LIENS UNDER 11 U.S.C. § 506
Debtor moves to value the collateral of creditors as indicated below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. Debtor moves to void the lien of any creditor listed below as having collateral with "NO VALUE."

| Creditor | Collateral | Value | Interest Rate | Adequate Protection | Monthly Pmt. |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

#### B. SECURED CLAIMS NOT SUBJECT TO 11 U.S.C. § 506
Pursuant to 11 U.S.C. § 1325(a), the claims listed below are not subject to 11 U.S.C. § 506 and shall be paid in the amount of the Proposed Secured Claim Amount specified below, in accordance with the terms set forth below:

| Creditor | Collateral | Adeq. Prot. | Int. Rate | Monthly Pmt. |
|---|---|---|---|---|
| Chrysler Financial | 2006 Dodge Ram | $270.00 | 6.00% | $666.00 |

If the above column for the proposed secured claim amount is left blank, the secured claim amount to be paid shall be the entire amount of the allowed secured claim. The portion of any allowed claim that exceeds the secured claim amount specified above shall be treated as an unsecured claim. **The debtor proposes that the affected creditors accept the treatment specified above. FAILURE OF A CREDITOR TO TIMELY FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF BOTH THE PLAN AND THE TREATMENT OF ITS CLAIM AS SET FORTH THEREIN.**

#### C. **ADEQUATE PROTECTION**
Pursuant to Standing Order No. 2 and Amended LBR 2083-1(b), the trustee is authorized to commence before confirmation of the plan making adequate protection payments in the **amount specified** in paragraphs 3A and 3B above to any creditor listed above who has filed a proof of claim. The Trustee is permitted to collect a percentage fee on such funds. If such funds are not disbursed prior to the dismissal or conversion of the case, the trustee may disburse such adequate protection payments following dismissal or conversion. If the plan provides that the debtor shall make payments directly to a secured creditor, the debtor shall make adequate protection payments on such claim as provided in 11 U.S.C. § 1326(a)(C). Unless otherwise provided in the plan, any pre-confirmation lease payments shall be made directly by the debtor and not by the trustee.

#### D. ADMINISTRATIVE PROVISIONS REGARDING SECURED CLAIMS
Notwithstanding any contrary interest rate stated in the proof of claim, the Trustee shall pay interest on such claims at the rate specified above, and if no interest rate is so specified, the interest rate shall be 7%. The Trustee shall pay interest from the effective date of the confirmation order and unless otherwise specified in paragraph 10(d) below, no interest will accrue from the petition date to the confirmation date. To the extent there are not sufficient funds available after the payment of amounts entitled to payment under a higher order of distribution to make the full monthly payments set forth in this plan, then the Trustee shall make a pro-rata distribution, based on the monthly payment amounts, of available funds on all claims specified in paragraphs 3.A, 3.B and any regular monthly payment made under paragraph 7.(a).

### 4. DEBTOR ATTORNEY FEES
Subject to any further fee applications, the plan requests allowance of attorney fees in the amount of $2,750.00; of which $2,250.00 remains unpaid. Unless otherwise specified in paragraphs 10(c) or 10(d) below, allowed fees shall be paid by the Trustee from funds available after the distribution provided in paragraphs 3.A – 3.C above and before disbursement to any other class of claims.

### 5. PRIORITY CLAIMS
Subject to the provision for the payment of debtor attorney fees set forth above, allowed claims entitled to priority under 11 U.S.C. § 507(a), including allowed administrative expense claims and domestic support obligations, will be paid in full in the order of priority set forth in section 507(a), unless otherwise specified in paragraphs 10(c) or 10(d) below.

Wesley Jay Anderson, SSN: xxx-xx-7210,  CASE NO.: 09M-29468
Heidi Lorraine Anderson, SSN: xxx-xx-0016,

#### 6. NON-PRIORITY UNSECURED CLAIMS
(A) Not separately classified, allowed non-priority unsecured claims shall be paid:
    [x] Not less than $2,325.00 to be distributed pro rata.
    [ ] Not less than 100%
(B) Separately classified unsecured claims.

| Creditor | Basis for classification | Treatment | Amount |
|---|---|---|---|
|  |  |  |  |

#### 7. CURING DEFAULT AND MAINTAINING PAYMENTS
(A)     The Trustee shall pay allowed claims for arrearages, and the <u>Trustee</u> shall pay regular postpetition monthly payments to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Arrearage | Interest Rate | Regular Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

(B) The Trustee shall pay allowed claims for arrearages, and the <u>debtor</u> shall pay regular postpetition monthly payments directly to these creditors:

| Creditor | Collateral or Type of Debt | Equal Monthly Payment | Estimated Arrearage | Interest Rate |
|---|---|---|---|---|
| BAC Home Loans | Home | *Pro Rata* | $4,500.00 |  |

#### 8. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
All executory contracts and unexpired leases are rejected, except the following are assumed:

| Creditor | Property Description | Treatment by Debtor |
|---|---|---|
| **AT&T Wireless** | **Cell Phone(s)** | **ASSUME** |

#### 9. COLLATERAL SURRENDERED AND RELIEF FROM THE AUTOMATIC STAY.
The debtor surrenders the following collateral to the secured creditor. Upon entry of the confirmation order, the automatic stay is lifted as to the collateral, which will, among other rights, permit the secured creditor to exercise its set off rights with respect to the surrendered collateral.

| Creditor | Collateral to be Surrendered |  |
|---|---|---|
|  |  |  |

The Trustee shall make no distribution on any secured claim related to the surrendered collateral. The allowed amount of any unsecured deficiency claim will be any unsecured amount stated in the claim or any amendment thereto, provided, however, if a creditor fails to file any required amended claim for an unsecured deficiency within 180 days after the petition date, the claim will be deemed paid in full, and the Trustee will not make any distributions to such creditor. Any allowed unsecured claim will be paid pursuant to paragraph 6 of this plan.

#### 10. OTHER PLAN PROVISIONS AND MOTIONS
(A) <u>Lien retention.</u> Allowed secured claim holders retain liens until the earlier of the payment of the underlying debt determined under applicable nonbankruptcy law or the entry of discharge under 11 U.S.C. §1328
(B) <u>Payment Notices.</u> Creditors and lessors provided for above in sections 7 or 8 shall continue to mail customary notices or coupons to the debtor or Trustee notwithstanding the automatic stay.
(C) <u>Order of distribution.</u>
If no monthly payment is specified, payments will be paid pro rata within the designated distribution level and payments to claims in a particular distribution level will be paid in full before distribution to claims in a lower distribution level. If monthly payments are specified, such monthly payments must be current, but such claim need not be paid in full, before distribution to a Class specified in a lower distribution level.

Wesley Jay Anderson, SSN: xxx-xx-7210,      CASE NO.: 09M-29468
Heidi Lorraine Anderson, SSN: xxx-xx-0016,

The trustee shall pay allowed claims in the order set forth below:
    (1) Trustee's Percentage Fee under paragraph 2; (2) Secured Creditor Payments specified in Paragraph 3 and any regular post-petition monthly payments required to be made by the Trustee under paragraph 7(a); (3) Attorney fees under paragraph 4; (4) Claims entitled to priority under 11 U.S.C. §507(a)(1); (5) Arrearage payments under paragraph 7; (6) Remaining priority claims specified under paragraph 5; (7)Non-priority unsecured claims specified under paragraph 6; (8) Other distributions required by the plan;

**(D) Other Plan provisions:**
(1) Any order confirming this plan shall constitute a binding determination that the debtor has timely filed all of the information required under 11 U.S.C. § 521(a)(1).
(2) Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full at the same distribution level as arrearage claims provided for under paragraph 7, with interest at the rate of set forth in the proof of claim or at __6____% per annum if no interest rate is specified in the proof of claim. Interest will run from [ ] (a) the petition filing date; or [ x ] (b)_the confirmation date.
(3) All property of the estate shall vest in the Debtor at confirmation.
(4) Any allowed oversecured claims shall be paid interest according to the Confirmed Chapter 13 Plan from the date of Petition. In determining whether a claim is oversecured, the value of the property shall be the value in the Plan, if so stated, or the value in the Proof of Claim if no value is stated in the Plan or the value in the Schedule D if no value is stated in the Plan or Proof of Claim.
(5) Notwithstanding the language in paragraph 3, the secured claim of Salt Lake County shall be paid in full in the amount stated in the allowed proof of claim or any allowed amendment thereto with interest from the date of the petition at the rate stated in allowed proof of claim or any allowed amendment thereto. If no interest is stated in the proof of claim, interest shall be paid at the rate specified in paragraph 3(a) or 3(b) as applicable.
(6) Unless otherwise ordered by the Court, or unless the Plan provides for a 100% return plus interest to creditors, the Debtor(s) shall pay into the Plan the aggregate amount of yearly state and federal tax refunds that exceed $1,000.00 that the Debtor(s) receive or become(s) entitled to receive during the three-year period starting with the filing of the bankruptcy petition. On or before April 30 of each year that falls within this three-year period, the Debtor(s) will provide the Trustee with a copy of the first two pages of both state and federal tax returns. If the total amount of both federal and state tax returns for that year exceeds $1,000.00, the excess shall be paid into the Chapter 13 Plan no later no later than June 30 of that year. However, the Debtor(s) shall not be obligated to pay over tax refunds that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the overall Plan terms if it is greater than thirty-six months, but in no event shall the amount paid into the Plan be less than thirty-six Plan payments PLUS all tax refunds in excess of $1,000.00 during the three-year period described above.
(7) **Adequate protection payments shall be paid to creditors entitled to adequate protection for four (4) months with the first month's payment being paid at the 341 hearing and shall be the only payment, if any, made to Class 3A and 3B creditors during this time. After this period the equal monthly payments to Class 3A and 3B creditors shall increase to the amount designated as the monthly payment in paragraph 3A and 3B.**
(8) <u>The debt owed to Financing/HSBC for the Honda 4-wheeler will be paid by a third party.</u>

Signed: _Justin O. Burton_
Attorney for Debtor(s)

Wesley Jay Anderson, SSN: xxx-xx-7210,
Heidi Lorraine Anderson, SSN: xxx-xx-0016,

CASE NO.: 09M-29468

## LIQUIDATION ANALYSIS WORKSHEET
(If the estate were liquidated under Chapter 7)

1) FUNDS AVAILABLE

a) Real property - total market value (sch A) (appraisal, tax notice, market       $330,900.00

    less:    Mortgage(s)                          1st: $342,000.00
              Secured Creditors (sch D)            2nd:
                                                   3rd:
                                                        (Mortgage            (not less than $0.0)

    less:    Tax, Statutory, and/or Judgement liens (sch C)

                                                                             (not less than $0.0)

    less:    Homestead exemption (sch D)
    Total Real Property

                                                                             (not less than $0.0)

b) Personal Property - total market value (sch B)                                  $37,571.00

    less:    Related Encumbrances - Secured Creditors (sch D)       $30,000.00       $7,571.00
                                                              (not less than $0.0, balance is unsecured)

    less:    Applicable Personal Property Exemptions (sch C)                          $4,640.00
    Total Personal Property                                                          $2,931.00

c) Recovery Property (avoided conveyances, transfers, etc.)                        $1,000.00

    less:    Related Encumbrances - Secured Creditors (sch D)                         $1,000.00
                                                              (not less than $0.0, balance is unsecured)

    less:    Applicable Exemptions (sch C)
    Total Recovery Property                                                          $1,000.00

2) NET FUNDS AVAILABLE                                                              $3,931.00
                                                                              (Totals; 1a+1b+1c)

3) ALLOWED OFFSETS TO FUNDS AVAILABLE
    less:    Cost of Sales - Real Estate Agent (___% of $_____)    If equity
    less: Chapter 7 Trustee Admin. Expenses (approx. 5%)              $197.00
    less: Attorney for Debtor                                         $970.00
    less: Auctioneer on personal property (approximately 15%)         $440.00
    less:    Capitol Gains Tax (_____% of $_____)                              $1,607.00

4) NET FUNDS AVAILABLE for ALL UNSECURED CREDITORS                                 $2,324.00
                                                                               (2 less 3)

5)    less: PRIORITY CREDITORS (sch E)

6) BALANCE of FUNDS for UNSECURED NONPRIORITY CREDITORS                            $2,324.00
                                                                               (4 less 5)

7) TOTAL UNSECURED NONPRIORITY CREDITORS (sch F)                                   $93,404.00

8) PERCENT DIVIDEND TO UNSECURED NONPRIORITY CREDITORS                             2.48%
                                                                   (6 divided by 8 but not greater than

9) PROPOSED PERCENT DIVIDEND TO NONPRIORITY

10) Item 6 balance is greater than item 7 amount - solvent case - percent interest to Unsecured Nonpriority Creditors in Chapter 13 plan

215WX